UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Lavern C. Fasthorse, | 2:17-cv-02833-JAD-PAL |
| Plaintiff | **Order Dismissing Case** |
| v. | [ECF No. 1] |
| Jo Gentry, et al., | |
| Defendants | |

Pro se petitioner Lavern C. Fasthorse filed this civil-rights action under 42 U.S.C. § 1983 without paying the $400 filing fee or filing a completed application to proceed *in forma pauperis*. Magistrate Judge Leen ordered Fasthorse to file a completed pauper application or pay the filing fee within 30 days of her November 28, 2017, order, and she warned him that failure to do so may result in dismissal of his case.[1] That deadline expired more than a month ago, and Fasthorse has not complied or otherwise responded to the Court's order.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate, . . . dismissal" of a case.[2] A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.[3] In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the

---

[1] ECF No. 2.

[2] *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

[3] *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

court must consider several facts: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[4]

I find that the first two factors weigh in favor of dismissal. The risk-of-prejudice factor also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action.[5] A court's warning to a party that failing to obey the court's order will result in dismissal satisfies the consideration-of-alternatives requirement,[6] and Fasthorse was expressly warned that dismissal could result if he failed to pay the filing fee or file a completed pauper application by December 28, 2017. Although the fourth factor weighs against dismissal, it is greatly outweighed by those favoring dismissal.

Accordingly, IT IS HEREBY ORDERED that this action is **DISMISSED without prejudice** based on Fasthorse's failure to file an application to proceed *in forma pauperis* or pay the full filing fee.

The **Clerk of Court** is directed to **CLOSE THIS CASE**.

DATED: January 10, 2018.

_____
U.S. District Judge Jennifer A. Dorsey

---

[4] *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423–24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260–61; *Ghazali*, 46 F.3d at 53.

[5] *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[6] *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132–33; *Henderson*, 779 F.2d at 1424.